IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: <br> Elizabeth Ley O'Brien, <br>                             Debtor, <br> And _____ <br><br> Elizabeth Ley O'Brien, <br>                             Plaintiff, <br>       v. <br> PNC Mortgage, <br>                             Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.:10 B 29277 <br><br> Chapter: 13 <br><br> Adversary: 10 A 01508 <br><br> Honorable Jack B. Schmetterer |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

Upon review of the record, including Plaintiff's, Elizabeth Ley O'Brien, Adversary Complaint, Motion for Default Judgment, all attached exhibits, and the related Summonses, the Court makes the following findings of fact:

1. The Plaintiff's bankruptcy case was filed June 30, 2010.

2. The Plaintiff's Complaint was timely filed on July 21, 2010.

3. The Plaintiff effected service by certified U.S. mail on the Defendant on October 18, 2010. Proof of Service has been filed with the Court (docket entry #15).

4. The Defendant is a National Banking Association and therefore not in the military service of the United States or a minor or incapacitated person.

5. The Defendant has neither answered the Complaint nor otherwise appeared within the time period provided by the Court Rules, and has not done so since that time and is therefore in default.

6. The Notice of Motion, Motion for Entry of Default Judgment, Order of Default and Default Judgment were served on the Defendant on or about September 7, 2010 and an amended Notice of Motion was filed and served on November 10, 2010.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because it arises under, arises in, and is related to the Chapter 13 Bankruptcy case, *In re Elizabeth Ley O'Brien*, Case No. 10 B 29277, presently pending in the United States Bankruptcy Court of the Northern District of Illinois, Eastern Division.

8. Pursuant to Section 157(a) of Title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts.

9. Pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(I), this case is a core proceeding.

10. Pursuant to Section 1409 of Title 28 of the U.S. Code, the venue of the Northern District of Illinois, Eastern Division is proper.

11. The Plaintiff, Elizabeth Ley O'Brien ("Plaintiff"), is an individual owning and residing at 1600 South Prairie Avenue, Unit 1202, Chicago, Illinois 60616, PIN number 17-22-303-0441068 in Cook County, Illinois (the "Residence").

12. On June 30, 2010, Plaintiff filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois, Eastern Division, as case number 10-B-29277.

13. Fifth Third Bank ("Fifth Third") is a lender and servicer of mortgages and holds a first mortgage on the Residence with an approximate outstanding balance of $594,000.00.

14. The Defendant, PNC Mortgage ("Defendant"), is a lender and servicer of mortgages and holds a second mortgage lien on the Residence with an approximate outstanding balance of $112,000.00.

Case 10-01508   Doc 22   Filed 12/09/10   Entered 12/13/10 12:17:35   Desc Main
Document   Page 3 of 4

10-01508:19.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/7/2010 2:04:01 PM by:Timothy Hughes Page 3 of 4

15. Plaintiff filed the above-captioned case on July 21, 2010 seeking to determine the fair market value of the Residence and strip off the unsecured second lien of Defendant on the Residence.

16. As an exhibit to Plaintiff's Complaint, Plaintiff produced a Comparative Market Analysis of the Residence which determined the Residence's fair market value to be $552,250.00.

17. Defendant was served a copy of Plaintiff's Complaint by certified mail on October 18, 2010.

18. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Defendant was under an obligation to file an appearance and responsive pleading to the above-captioned matter on or before November 5, 2010.

## CONCLUSIONS OF LAW

19. Rule 55(b)(2) Fed. R. Civ. P., made applicable in bankruptcy by Rule 7055 Fed. R. Bankr. P., governs default judgments entered by a bankruptcy judge. *In re Zecevic,* 344 B.R. 572, 576 and cases cited (Bankr. N.D. Ill. 2006) (Schmetterer, J.). "Granting a motion for the entry of a default judgment lies within the second discretion of the trial court." Id. (*citing Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir. 1990)).

20. Defendant has failed to file an appearance and responsive pleading in a timely manner as required by the Rules of this Court.

21. Defendant's failure to file a responsive pleading to Plaintiff's Complaint justifies the entry of a Default Order and Judgment against Defendant as prayed for in Plaintiff's Complaint.

22. The uncontroverted fair market value of the Residence is $552,250.00.

23. The outstanding balance of Fifth Third's first position mortgage on the Residence exceeds the value of the Residence.

24. Pursuant to Sections 506(a) and (d) of Title 11 of the United States Code, Defendant's second mortgage is an allowed secured claim to the extent of the value of the estate's interest in the Residence securing the claim and Defendant's second mortgage is void to the extent it is not allowed as a secured claim.

25. Because Defendant's second mortgage is wholly unsecured, it is not allowed as a secured claim and should be stripped off. *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993); *First Bank, Inc. v. Van Wie*, 2003 WL 1563959 S.D. Ind., 2003.

26. The re-classification of Defendant's claim from secured to unsecured does not exceed the debt limitations for filing a chapter 13.

Respectfully Submitted by
Elizabeth Ley O'Brien

/s/ Timothy M. Hughes 6208982
Timothy M. Hughes, one of her attorneys

Timothy M. Hughes
Lavelle Law, Ltd
501 W. Colfax Street
Palatine, IL 60067
(847) 705-7555
Dir 847.705-9698
Fax 847.241-1702
thughes@lavellelaw.com

Enter:

DEC 09 2010

Judge

S:\4251-4500\4376\adversary PNC\Default Motion - Second Docs\findings of fact conclusions of law 12 07 10.doc